UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-183-HRW

MILFORD ADKINS, PLAINTIFF,

v.  MEMORANDUM OPINION AND ORDER

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for a supplemental security income benefits on December 19, 2002 (Tr. 49), alleging disability beginning on September 1, 2002, due to low back pain, degenerative disc disease, neck pain and

1

arthritis (Tr. 49-50). This application was denied initially and on reconsideration. On November 18, 2004, an administrative hearing was conducted by Administrative Law Judge William H. Gitlow (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 269-299). At the hearing, William Tanzey, a vocational expert (hereinafter "VE"), also testified (Tr. 300-304).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant

2

numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 15, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-20). Plaintiff was 51 years old at the time of the hearing decision (Tr. 20, 50). His past relevant work experience consists of work as a driver, laborer, janitor, maintenance person for a carwash and part-time diesel mechanic (Tr. 68).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 19). The ALJ then determined, at Step 2, that Plaintiff suffered from back and neck impairments, which he found to be "severe" within the meaning of the Regulations (Tr. 19). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 19). In doing so, the ALJ specifically considered listings 1.00 and 1.04A (Tr. 15). The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 19) but determined that he has the following residual functional capacity ("RFC"):

> [L]ift / carry 20 pounds occasionally and 10 pounds frequently; sit or stand at will, can sit 45 minutes at a time. Nonexertionally, the claimant is limited to occasionally climbing, stooping or crouching; and should avoid overhead reaching.

3

(Tr. 19).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as inspector, price marker and parking lot attendant (Tr. 19-20). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 20). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 8, 2005 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account

4

whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to properly consider the opinion of Dr. Drema Hunt, a treating source; (2) the ALJ did not accurately consider the combined impact of Plaintiff's neck pain, back pain, right hand problems and depression; and (3) the ALJ made a faulty credibility assessment.

**C.     Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ failed to properly consider the

5

opinion of Dr. Drema Hunt, a treating source.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

The ALJ specifically rejected the assessment of Dr. Hunt because it was was inconsistent with other credible medical evidence of record and she "ignore[d] [Plaintiff's] improvements over time" (Tr. 17). For example, Dr. Hunt opined that Plaintff was limited to lifting 10 pounds and could no bend, stoop, walk or stand for prolonged periods or repetitively kneel, squat or climb. These severe restrictions do not find support in the mild clinical findings in the record as well as in Dr. Hunt's own notes, including intact neurological signs and a negative straight leg raise (Tr. 153 and 237). Indeed, In February of 2006, Dr. Hunt remarked upon Plaintiff's improvement (Tr. 156). Given the lack of supporting data, the inconsistencies with her own records, as well as the opinions of other

6

medical sources, the Court finds that the ALJ did not err in discounting the assessment of Dr. Hunt.

Plaintiff's second claim of error is that the ALJ did not accurately consider the combined impact of Plaintiff's neck pain, back pain, right hand problems and depression. A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe, at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 15). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). As such, the Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

7

Finally, Plaintiff contends that the ALJ made a faulty credibility assessment. It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's credibility to be "only fair" with regard to her allegations of disabling pain (Tr. 16). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

In this case, Plaintiff's testimony regarding his symptoms is inconsistent with the record. For example, as the ALJ noted, Plaintiff testified that he participated in physical therapy for his back impairment but "it didn't help a bit" (Tr. 282). However, the record shows that in February 2002, Plaintiff had met all of his goals in this treatment (Tr. 155), including being able to lift 30 pounds from the floor to his waist in a repetitive fashion, and continued to improve, as noted in June 2002. Plaintiff also told Dr, Hunt that he felt 70% improved in June of 2002 (Tr. 227). Indeed, Plaintiff's own testimony contains contradictory statements. For example, although he testified that he drives thirty hours a week to various places, including the flea market, the store and to friends' homes, he also testified

8

that, due to his pain and other disabling symptoms, he does not do any shopping or visit friends and family.

Further undermining Plaintiff's testimony is a remark from his physical therapist that Plaintiff is "being unreliable with report of his pain" and that he does not put forth a maximum effort (Tr. 122-159). Plaintiff received a five out of five on the Waddell's Inappropriate Symptoms Questionnaire which, as the ALJ noted, is a sign of symptom magnification.

Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. Therefore, the Court finds no error in the ALJ's assessment of claimant's credibility.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This  17  day of July, 2006.

Henry R. Wilhoit, Jr., Senior Judge